O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE DAVID KOKLICH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DEAN BORDERS,<br><br>　　　　Respondent. | Case No. LA CV 16-4673 SVW (JCG)<br><br>**ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY** |

On June 27, 2016, petitioner Bruce Koklich ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1.] Notably, it is his second federal petition challenging a 2003 state court conviction for second degree murder. (*See* Pet. at 2, 7.) Thus, the Court finds that the Petition is an unauthorized "second or successive" petition, and summarily dismisses this action without prejudice for lack of jurisdiction. *See* 28 U.S.C. 2244(b).

By way of background, Petitioner first challenged his conviction and sentence in 2009, with an initial Petition for Writ of Habeas Corpus and subsequent First Amended Petition for Writ of Habeas Corpus ("2009 Petition"). [*See* C.D. Cal. Case No. LA CV 09-1648 SVW (JCG), Dkt. Nos. 1, 8.] The 2009 Petition and accompanying request

for certificate of appealability were denied. [*Id.*, Dkt. Nos. 86, 94, 95.] Petitioner's subsequent request for a certificate of appealability to the Ninth Circuit was also denied. [*Id.*, Dkt. No. 99.]

Now, in the instant Petition, Petitioner seeks to challenge the *same* 2003 conviction, (Pet. at 2), on the grounds that a previously unavailable argument regarding the "void for vagueness" doctrine – rooted in the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) – has been made retroactively available through another recent Supreme Court case, *Welch v. United States*, 136 S. Ct. 1257 (2016). [*See* Dkt. No. 1 at 5, 13.] Assuming *arguendo* that *Johnson* and *Welch* might impact a state court sentence, Petitioner has failed to obtain the Ninth Circuit's authorization to file a "second or successive" petition. *See* 28 U.S.C. 2244(b). Thus, the Petition is an unauthorized "second or successive" petition, and the Court must dismiss this action for lack of jurisdiction. *See id.*; *Orona v. United States*, 2016 WL 3435692, at *1 (9th Cir. June 22, 2016) (observing that a second or successive habeas petition based on the Supreme Court's ruling in *Johnson* "require[s] . . . an application in [the Ninth Circuit] seeking authorization"); *United States v. Dennis,* 2016 WL 3476847, at *2 (M.D. Fla. June 27, 2016) ("[Petitioner's] obtaining relief under *Johnson* and *Welch* starts with an application for leave to file a second or successive motion . . . which . . . she must file with the circuit court.").[1]

//
//
//
//
//
//

---

[1] While the petitioners in *Orona* and *Dennis* were federal prisoners subject to the prior authorization requirement of 28 U.S.C. § 2255(h), Petitioner, a California state prisoner, is subject to the parallel requirement found in 28 U.S.C. 2244(b)(3)(A).

Accordingly, **IT IS ORDERED THAT** this action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IS FURTHER ORDERED** that a certificate of appealability be **DENIED** because Petitioner has not shown that jurists of reason would find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 22, 2016

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE